United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK TERRENCE ANDREWS,

Plaintiff,

v.

ROBERT H. PITTMAN, et al.,

Defendants.

Case No.  25-cv-06522-SK

**ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION FOR SANCTIONS**

Regarding Docket Nos. 28, 29

This matter comes before the Court upon consideration of the second motion to dismiss filed by Defendants Robert H. Pittman, Gregory Jenkins, and the County of Sonoma (collectively "Defendants"), and the claims raised in the Amended Complaint filed by Plaintiff Mark Terrence Andrews ("Plaintiff"). (Dkt. Nos. 14, 29.)  In addition, before the Court is a motion for sanctions filed by Defendants and a cross-motion for sanctions filed by Plaintiff.  (Dkt. Nos. 28, 33-1.)  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and all parties consented to the jurisdiction of the undersigned magistrate judge.  (Dkt. Nos. 10, 12.)

Upon careful consideration of the parties' papers, relevant legal authority, case record, and oral argument, the Court GRANTS Defendants' motion to dismiss for the reasons set forth below. The Court also GRANTS IN PART and DENIES IN PART Defendants' request for judicial notice and DENIES Plaintiff's request for judicial notice.  Lastly, the Court GRANTS Defendants' motion for sanctions and DENIES Plaintiff's cross-motion for sanctions.

**BACKGROUND**

**A.  State Court Litigation**

On July 22, 2024, Plaintiff commenced an action in Sonoma County Superior Court against Robert Pittman, Gregory Jenkins, and the Jenkins-Pittman Trust, and in that complaint, he asserted claims for harassment, false imprisonment, and intentional infliction of emotional distress. (Dkt. No. 30, Ex. 4.)  The facts underlying Plaintiff's claims concern an incident that

Case 3:25-cv-06522-SK   Document 52   Filed 01/21/26   Page 2 of 20

occurred on July 21, 2022.  (Dkt. No. 30, Ex. 4 at p. 2.)

On July 21, 2022, Plaintiff, a process server for the County of Sonoma, attempted to serve Defendant Pittman with a lawsuit directed to him in his personal capacity.  (*Id.*)  Plaintiff entered Defendant Pittman's property to effectuate service and waited at the property until a Sheriff's Deputy arrived.  (*Id.*)  When the Sheriff's Deputy arrived, Defendants Pittman and Jenkins exited the house and stated that they wanted Plaintiff arrested for trespassing.  (*Id.*)  In response, Plaintiff asserted immunity as a process server under Penal Code § 602.  (*Id.*)  Defendant Pittman expressed doubt and informed the Deputy that, if he would not arrest Plaintiff, the District Attorney "would feel different."  (*Id.*)  Upon the Deputy's request, Defendant Pittman executed a citizen's arrest form, and Plaintiff was consequently cited for trespassing.  (*Id.*)  Later that same day, the Deputy contacted Plaintiff and informed him that the citation was voided, and that no charges were being filed.  (*Id.*)

On March 19, 2025, the state court sustained the Defendants' demurrer to Plaintiff's original complaint with leave to amend as to each cause of action, except as to the Jenkins-Pittman Trust, as to whom the demurrer was sustained without leave to amend.  (*Id.* at p. 18.)  The state court also denied the Defendants' Anti-SLAPP motion against the complaint.  (*Id.* at p. 1.)

On March 21, 2025, Plaintiff filed a First Amended Complaint in the state action, and in the First Amended Complaint, Plaintiff asserted claims for false arrest, intentional infliction of emotional distress, and malicious prosecution.  (Dkt. No. 30, Ex. 5 at p. 1.)  Plaintiff's claims arose out of the same factual background alleged in the original complaint.  (*Id*. at pp. 4–6.)

On July 10, 2025, the state court issued a tentative ruling sustaining Defendants' demurrer to Plaintiff's First Amended Complaint without leave to amend on statute of limitations grounds and for a failure to state a claim.   (Dkt. No. 30, Ex. 6.)  On July 28, 2025, the state court issued an order adopting its tentative ruling.  (*Id.* at p. 3.)  On September 22, 2025, the state court entered judgment for the Defendants, and the Defendants filed and served a Notice of Entry of Judgment. (Dkt. No. 30, Ex. 10.)  At the January 12, 2026 motion hearing, Plaintiff indicated that he did not file an appeal within the 60-day window thereafter for doing so.  Later, in a pleading not sanctioned by the Court, Plaintiff stated that he voluntarily dismissed his appeal on November 30,

2

United States District Court
Northern District of California

2025.  (Dkt. No. 49-1.)  Thus, the state court judgment is final.

**B. First Federal Action**

On April 24, 2025, while the state court lawsuit was still pending in Sonoma County Superior Court, Plaintiff filed his first federal court action against Robert Pittman, Gregory Jenkins, and the County of Sonoma.  (*Andrews v. Pittman et al.*, No. 25-cv-03390-SK, Dkt. No. 2.)  Plaintiff asserted claims for misuse of public funds, qui tam waste of public funds, intentional infliction of emotional distress, and malicious prosecution.  (*Id.* at p. 1.)  Plaintiff's claims largely arose out of the same factual background alleged in the original state court action complaint.  (*Id.* at pp. 4–6.)

On June 26, 2025, Defendants moved to dismiss Plaintiff's complaint.  (No. 25-cv-03390-SK, Dkt. No. 8.)  On July 22, 2025, because Plaintiff did not oppose Defendants' motion, the Court issued an order to show cause warning Plaintiff that "failure to prosecute may result in dismissal of Plaintiff's case under Federal Rule of Civil Procedure 41(b)," and requiring Plaintiff to show cause in writing by no later than July 29, 2025 as to why the case should not be dismissed for failure to prosecute.  (No. 25-cv-03390-SK, Dkt. No. 31.)  Plaintiff did not respond.  On July 30, 2025, the Court dismissed the case without prejudice for failure to prosecute.  (No. 25-cv-03390-SK, Dkt. No. 32.)

**C. Second Federal Action**

On August 8, 2025—only a few days after the Court dismissed Plaintiff's first federal action—Plaintiff commenced this action alleging that Defendants violated his civil rights under the U.S. Constitution and bringing related state law claims.  (Dkt. No. 2.)  Plaintiff's claims arose out of the same factual background alleged in the original state court action complaint and in the first federal action.  (*Id.* at pp. 4–7.)

**1. Defendants' First Motion to Dismiss and Motion for Sanctions**

On September 2, 2025, Defendants filed their first motion to dismiss.  (Dkt. No. 7.)  On September 10, 2025, Defendants filed their first motion for sanctions.  (Dkt. No. 12.)  Plaintiff filed an Amended Complaint on September 10, 2025—five days before filing its opposition to Defendants' first motion to dismiss.  (Dkt. No. 14.)  The Court related Plaintiff's first federal

3

action and this action on September 16, 2025. (Dkt. No. 16.)

On October 27, 2025, the Court held a hearing on the first motion to dismiss and motion for sanctions. (Dkt. No. 26.) Because Plaintiff filed the Amended Complaint after the first motion to dismiss was filed and before the hearing, the Court set a briefing schedule for Defendants to file their renewed motion to dismiss and motion for sanctions on October 27, 2025. (Dkt. No. 27.) The Court ordered Defendants to file their second motion to dismiss and motion for sanctions by November 10, 1025. (*Id.*) Plaintiff's deadline to file his responses to Defendants' motions was November 17, 2025 and Defendants' reply deadline was November 24, 2025. (*Id.*)

### 2. Operative Amended Complaint

In the operative Amended Complaint, Plaintiff brings eleven claims and names Robert Pittman, Gregory Jenkins, the County of Sonoma, and Does 1-10 as Defendants. (Dkt. No. 14.) The first five claims are brought pursuant to 42 U.S.C. § 1983. (*Id.* at pp. 9–15.) The remaining six claims are state law claims. (*Id.*) Plaintiff brings the following claims:

(1) unconstitutional custom, policy, or procedure in violation of Section 1983 against the County of Sonoma;

(2) deprivation of liberty without due process in violation of the Fourteenth Amendment against unspecified Defendants;

(3) unlawful seizure in violation of the Fourth Amendment against unspecified Defendants;

(4) obstruction of justice in violation of the First and Fourteenth Amendments against Defendant Pittman, in his individual capacity, and the County of Sonoma;

(5) abuse of process in violation of the First Amendment, Fourteenth Amendment, and California common law against Defendant Pittman, in his individual capacity, and the County of Sonoma;

(6) illegal expenditure in violation of California Government Code §§ 825, 995, and 996 against the County of Sonoma;

(7) misuse of public funds against unspecified Defendants;

(8) qui tam waste of public funds against unspecified Defendants;

(9) intentional infliction of emotional distress against unspecified Defendants;

(10) malicious prosecution against unspecified Defendants; and

(11) false arrest against unspecified Defendants.

(*Id.* at pp. 9–21.)

### 3. Defendants' Second Motion to Dismiss and Motion for Sanctions

On November 10, 2025, Defendants brought this second motion to dismiss, this time to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and

4

12(b)(6).  (Dkt. No. 29.)  Defendants also moved for sanctions pursuant to Federal Rule of Civil Procedure 11(c) on November 10, 2025.  (Dkt. No. 28.)  Plaintiff failed to file responses to Defendants' motions by the Court's November 17, 2025 deadline.  (Dkt. No. 27.)  Defendants notified the Court of Plaintiff's non-opposition.  (Dkt. Nos. 31–32.)  Plaintiff filed responses to both motions, a week late, without the Court's permission.  (Dkt. Nos. 33, 33-1.)  In its response to Defendants' motion for sanctions, Plaintiff cross-moved for sanctions against Defendants under Rule 11.  (Dkt. No. 33-1.)  Defendants filed replies and objections to Plaintiff's responses to Defendants' motions.  (Dkt. Nos. 39–42.)

The Court issued notices of questions for the hearing.  (Dkt. Nos. 46–47.)  In its notices, the Court noted: "[t]he Court intends to address the questions below at the hearing. The Court advises the parties that it will not accept written answers to the questions." (*Id.*)  The Court heard oral argument for both motions on January 12, 2026.  (Dkt. No. 48.)  Without leave of Court and after the hearing, Plaintiff filed "supplemental authority," addressing the Court's questions in writing.  (Dkt. Nos. 49–49-5.)  Defendant objected to Plaintiff's supplemental authority filings. (Dkt. No. 50.)

**ANALYSIS**

**A.      Requests for Judicial Notice**

Before turning to the merits, the Court addresses the parties' requests for judicial notice. (Dkt. No. 30.)  "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Judicial notice provides an exception to this rule. *Id.*  Specifically, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  A court, however, "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (citation and quotations omitted).  "The Ninth Circuit has held that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document." *Kleidman v. Murphy*, No. 22-CV-06355-HSG, 2023 WL 6232562, at *1 (N.D. Cal. Sept. 25, 2023) (citing

*Khoja*, 899 F.3d at 999).

Here, under Federal Rule of Evidence 201, Defendants request that the Court take judicial notice of thirteen documents on file in federal or state court. (Dkt. No. 30, pp. 1–2.) Because some of the documents at issue are available from a source whose accuracy cannot reasonably questioned, Fed. R. Evid. 201(b)(2), the Court GRANTS IN PART and DENIES IN PART Defendants' requests. The Court takes judicial notice of the following documents filed in federal or state court: Dkt. No. 30, Exhibits 1-6, 10, and 12. Specifically, the Court takes judicial notice of (1) the fact that these cases and documents were filed, and (2) any judicial findings contained in them. *Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6; *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (providing that a court "may take notice of proceedings in other courts ... if those proceedings have a direct relation to matters at issue").

The Court DENIES Defendants' requests to take judicial notice of Dkt. No. 30, Exhibits 7, 8, 9, 11, and 13. These exhibits include filings from other state court and federal actions unrelated to this case, and Defendants provide no explanation for their relevance. The Court also DENIES Defendants' request to take judicial notice of a Declaration by Defendant Robert Pittman, (Dkt. No. 30, Ex. 14), because the Court cannot take judicial notice of facts in a declaration.

Plaintiff filed objections to Defendants' requests for judicial notice, and in his objections referenced attached exhibits. (Dkt. Nos. 33-2, 34.) The Court construes Plaintiff's reference to and inclusion of exhibits as a request for judicial notice. The Court DENIES Plaintiff's request, as the documents address a separate state court action, and Plaintiff does not explain the relevance to this litigation.

**B.      Motion to Dismiss Legal Standard**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. On a Rule 12(b)(6) motion to dismiss, the court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels

United States District Court
Northern District of California

6

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted, cleaned up). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *id.* at 556–57).

## C.     Defendants' Motion to Dismiss

Defendants argue that the statute of limitations and doctrine of res judicata bar Plaintiff's claims. Defendants also assert that the factual allegations provide insufficient support for the claims. Because the Court concludes that Plaintiff's claims are either time-barred or barred by res judicata or provides leave to amend, the Court declines to consider Defendants' alternative argument for dismissal. In addition, although Plaintiff filed his opposition to Defendants' motion to dismiss one week late, the Court will accept and consider it for purposes of this analysis to address the motion on its merits.

### 1.     Application of the Statute of Limitations to Federal Claims

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

The forum state's statute of limitations for personal injury suits apply to claims brought under 42 U.S.C. § 1983, which in California is two years. Cal. Civ. P. Code § 335.1; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The accrual date for claims under § 1983 is a question of federal law. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run"). "Under federal law, a cause of action accrues when the plaintiff

United States District Court
Northern District of California

United States District Court
Northern District of California

knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (internal citations omitted).

Here, Plaintiff brings the following five federal claims under 42 U.S.C. § 1983—(1) an unconstitutional custom, policy, or procedure in violation of Section 1983 against the County of Sonoma; (2) a deprivation of liberty without due process in violation of the Fourteenth Amendment against unspecified Defendants; (3) an unlawful seizure in violation of the Fourth Amendment against unspecified Defendants; (4) an obstruction of justice in violation of the First and Fourteenth Amendments against Defendant Pittman, in his individual capacity, and the County of Sonoma; (5) an abuse of process in violation of the First and Fourteenth Amendment, against Defendant Pittman, in his individual capacity, and the County of Sonoma. (Dkt. No. 14, pp. 9–15.) Plaintiff's fifth claim is also brought pursuant to California common law, as discussed below.

Here, the applicable two-year statute of limitations bars Plaintiff's five federal claims brought under Section 1983. *See* Cal. Civ. P. Code § 335.1; *Jones*, 393 F.3d at 927. Plaintiff does not oppose the application of a two-year statute of limitations period but asserts "possible tolling or delayed accrual requires denial of a Rule 12(b)(6) SOL dismissal." (Dkt. No. 33, p. 7.)

The two-year statute of limitations bars Plaintiff's federal claims brought under Section 1983 because (1) his claims accrued on July 21, 2022, the date of the underlying incident, and (2) the delayed discovery rule is not applicable. Plaintiff's claims accrued on the date of the incident because that is the date of Plaintiff's alleged injury, and when the alleged "wrongful act" occurred. (Dkt. No. 14, ¶¶ 27–31); *see Belanus*, 796 F.3d at 1025 (concluding that "an action ordinarily accrues on the date of the injury.") (internal citations omitted); *Terrell v. City of Brentwood*, No. 25-CV-04341-LJC, 2025 WL 2606719, at *9 (N.D. Cal. Sept. 8, 2025) (finding that for Section 1983 claims alleging Fourth Amendment violations, "the plaintiff is placed on constructive notice of the illegal conduct when the search and seizure takes place.") (citing *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1279 (9th Cir. 2017)).

Second, California's delayed discovery rule is not applicable because Plaintiff discovered or had reason to discover the factual basis of his causes of action on July 21, 2022. *See Bone v.*

8

*City of Los Angeles*, 471 F. App'x 620, 622 (9th Cir. 2012) (noting that "California has the "discovery rule" of tolling, "which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.) (citing *Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005)). Plaintiff knew about his arrest—the injury underlying his causes of action—on July 21, 2022, the day that he was allegedly unlawfully arrested.

For Plaintiff's federal claims to have been timely, Plaintiff had to file his Section 1983 claims by July 21, 2024. He commenced this action on August 8, 2025 (Dkt. No. 2) and filed his Amended Complaint on September 10, 2025 (Dkt. No. 14)—more than one year after the limitations period expired.

### 2.    Inapplicability of Equitable Tolling

The forum state's law "regarding tolling, including equitable tolling," which apply to Section 1983 claims, may stop the clock on the limitations period. *See Blanas*, 393 F.3d at 927. Under California law, equitable tolling is appropriate upon a showing of "(1) timely notice of the claim to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct by the claimant." *San Pablo Bay Pipeline Co., LLC v. Pub. Utilities Com.*, 243 Cal. App. 4th 295, 316 (2015) (internal citation omitted). The "burden of alleging facts which would give rise to tolling falls upon the plaintiff." *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).

Here, Plaintiff has not met his burden of alleging facts to support equitable tolling of the limitations period. *See Hinton*, 5 F.3d at 395. The Amended Complaint does not address tolling, and Plaintiff asserts conclusory arguments regarding tolling in his opposition. (Dkt. No. 33, p. 7.) When asked at the hearing about a factual basis for tolling, Plaintiff was not able to provide any specific facts. Furthermore, Plaintiff has failed to show lack of prejudice to Defendants and reasonable and good faith conduct on his part. *See Terrell*, 2025 WL 2606719, at *6 (finding the first two equitable tolling elements not satisfied because the plaintiff did not allege "that he had 'several legal remedies' and pursued others only to resort to filing this lawsuit when the other remedies were exhausted.") (quoting *McDonald v. Antelope Valley Cmty. Coll. Dis.*, 45 Cal. 4th 88, 100 (2008)).

In sum, the two-year statute of limitations bars Plaintiff's five claims brought pursuant to

United States District Court
Northern District of California

Section 1983 against all Defendants because Plaintiff filed his Amended Complaint on September 10, 2025—more than one year after the limitations period expired—and equitable tolling is not applicable to any federal claim.[1]  Accordingly, the Court DISMISSES Plaintiff's federal claims (claims one through five) against all Defendants WITH PREJUDICE.  Because Plaintiff's federal claims are time-barred and tolling does not apply, amendment would be futile.  *See Platt Elec. Supply v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (affirming district court's dismissal of a time-barred claim without leave to amend because "any amendments would have been futile").

### 3.       Application of Res Judicata to Claims against Defendants Pittman and Jenkins

Even if the statute of limitations did not bar Plaintiff's second, third, fourth, and fifth causes of action against Defendants Pittman and Jenkins, those claims are barred by res judicata. Plaintiff's ninth, tenth, and eleventh causes of action against Defendants Pittman and Jenkins are also barred by claim preclusion.  This is a separate and independent reason to dismiss these claims with prejudice, as amendment cannot overcome the bar of res judicata.

In determining whether a California court judgment has a res judicata effect on a federal court, the Full Faith and Credit Act requires a federal court to apply the res judicata law of California to that judgment.  *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (holding that the Full Faith and Credit Act "requires federal courts to apply the res judicata rules of a particular state to judgments issued by courts of that state").  "In California, [c]laim

---

[1] To the extent Plaintiff's fourth claim—obstruction of justice—is premised upon Defendants' purported violation of 18 U.S.C. §§ 1503 and 1512, Plaintiff fails to state a claim because those criminal statutes do not create a private right of action.  *See Jones v. Cnty. of Sonoma*, No. 23-CV-02730-CRB, 2024 WL 1354496, at *5 (N.D. Cal. Mar. 29, 2024) (finding that "18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action") (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc)); *Rose v. Slater, Slater & Schulman, LLP*, No. 2:25-06112 CV (ADS), 2025 WL 3691864, at *6 (C.D. Cal. Nov. 19, 2025) (finding that 18 U.S.C. § 1512 is a criminal statute that does not create a private right of action) (internal citations omitted).  This is a separate and independent ground for dismissing Plaintiff's fourth cause of action.

United States District Court
Northern District of California

10

preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *Reed v. Deutsche Bank Nat'l Tr. Co.*, No. 25-CV-04030-JST, 2025 WL 3004045, at *3 (N.D. Cal. Oct. 27, 2025) (citing *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015)). Importantly, "[r]es judicata not only bars issues actually litigated but also bars issues that *could have been* litigated, as long as the later-raised issues constitute the same cause of action involved in the prior proceeding." *Atwell v. City of Rohnert Park*, 27 Cal. App. 5th 692, 698 (2018) (emphasis in original) (internal citation omitted).

### a. Same Claim

In analyzing claim preclusion, California courts employ the "primary rights" theory to determine what constitutes the same claim. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). "What is critical to the [primary rights] analysis is the harm suffered; that the same facts are involved in both suits is not conclusive." *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement*, 568 F.3d 725, 734 (9th Cir. 2009) (citation and internal quotation marks omitted). Indeed, "[u]nder the primary rights theory, claim preclusion will apply regardless of whether a particular cause of action was actually litigated, so long as the party against whom claim preclusion is asserted 'had the opportunity' to litigate the claim in the prior action." *Reed*, 2025 WL 3004045, at *3 (quoting *Weikel v. TCW Realty Fund II Holding Co.*, 55 Cal. App. 4th 1234, 1245 (1997)).

Plaintiff's state law claims for intentional infliction of emotional distress, malicious prosecution, and false arrest (claims nine, ten, and eleven) against Defendants Pittman and Jenkins are the exact same claims Plaintiff asserted in the state court action. (*Compare* Dkt. No. 30, Ex. 5, *with* Dkt. No. 14 (Amended Complaint). Because these exact claims are now being asserted against the same defendants, the Court concludes that claims nine, ten, and eleven are barred by res judicata.

In addition, many of Plaintiff's federal claims and those he asserted in the state court action involve the same primary right. Specifically, Plaintiff's federal claims involve the same primary right that was litigated in the state court action: the right to be free from an unlawful arrest and

United States District Court
Northern District of California

seizure. The second, third, fourth, and fifth claims in the Amended Complaint and the operative complaint in the state court action are premised on the same theory: that Defendants lacked the legal authority to arrest Plaintiff.[2] (*Compare* Dkt. No. 14, *with* Dkt. No. 30, Ex. 5.) To the extent that Plaintiff is pursuing a new legal theory under 42 U.S.C. § 1983 does not change the primary right at issue. *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788 (2010); *see Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988–89 (9th Cir. 2005) (" 'Different theories supporting the same claim for relief must be brought in the initial action.' [citation omitted] ... Permitting these later-filed claims to proceed would create incentive for plaintiffs to hold back claims and have a second adjudication."). Thus, the first requirement for claim preclusion is met.

### b. Same Parties

"Res judicata applies to the relitigation of the same cause of action between the same parties or those in privity with them." *Reed*, 2025 WL 3004045, at *3 (citing *DKN Holdings LLC*, 61 Cal. 4th at 825). Here, Plaintiff and Defendants Pittman and Jenkins were parties in the prior state court action.[3]

### c. Final Judgment

The third claim preclusion element requires a showing that the prior case was finally decided on the merits. *DKN Holdings LLC*, 61 Cal. 4th at 824. Here, on July 28, 2025, the state court sustained the Defendants' demurrer to Plaintiff's First Amended Complaint without leave to amend. (Dkt. No. 30, Ex. 6.) On September 22, 2025, Defendants filed and served a Notice of Entry of Judgment. (Dkt. No. 30, Ex. 10.) Because Plaintiff did not file an appeal within the 60-day window thereafter for doing so, Cal. R. Ct. 8.104(a), the state court's judgment became final. *See Gonzalez v. Santa Clara Cnty.*, 767 F. Supp. 3d 941, 953 (N.D. Cal. 2025) (finding the third claim preclusion requirement satisfied on the same grounds).

Plaintiff filed supplemental material following the January 12, 2026 motion hearing,

---

[2] As noted above, Plaintiff brings the first federal claim against the County of Sonoma only.

[3] The County of Sonoma was not a party to the state court action. The Court concludes that the County of Sonoma is not in privity with Defendants Pittman or Jenkins. Thus, the res judicata analysis does not apply to the County of Sonoma.

12

purportedly to answer the Court's Notice of Questions, despite the Court's admonition that the Court would not accept additional pleadings in response to the Notice of Questions. As relevant here, Plaintiff argues an appeal was "voluntarily dismissed on November 30, 2025." (Dkt. No. 49, p. 2.) Defendants' objections to Plaintiff submitting supplemental arguments indicates that this appeal was concerning attorney's fees. (Dkt. No. 50, p. 1.) No matter the subject of the appeal, the state court judgment is now final.

Because all three claim preclusion requirements are satisfied, the Court DISMISSES Plaintiff's second, third, fourth, fifth, ninth, tenth, and eleventh causes of action against Defendants Pittman and Jenkins. *See Gonzalez,* 767 F. Supp. 3d at 953 (dismissing causes of action barred by claim preclusion with prejudice because amendment would be futile); *Reed*, 2025 WL 3004045, at *4 (same); *Factory DirectWholesale, LLC v. iTouchless Housewares & Prods., Inc.*, 411 F. Supp. 3d 905, 918 (N.D. Cal. 2019) (same); *Herrera v. Countrywide KB Home Loans*, No. 5:11-cv-03591-LHK, 2012 WL 901340, at *5 (N.D. Cal. March 15, 2012) (same).

### 4.    Application of the Statute of Limitations to State Law Claims against the County of Sonoma

In relevant part, Plaintiff brings the following state claims against the County of Sonoma: (5) abuse of process in violation of California common law; (9) intentional infliction of emotional distress; (10) malicious prosecution; and (11) false arrest. (Dkt. No. 14, pp. 15–16, 18–20.)

The Court concludes that Plaintiff's fifth claim for abuse of process against the County of Sonoma under California law is time-barred by the applicable two-year limitations period. *See Nw. Airlines, Inc. v. Camacho*, 296 F.3d 787, 791 (9th Cir. 2002) (finding that a claim for abuse of process is subject to California's personal injury statute of limitations). California's statute of limitations for personal injury actions is two years. Cal. Civ. P. Code § 335.1; *Holt v. Cnty. of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).

Similarly, Plaintiff's ninth and tenth claims for intentional infliction of emotional distress and malicious prosecution against the County of Sonoma are time-barred by the applicable two

year statute of limitations.[4]  *See Reid v. City of Oakland*, No. 25-CV-00383-JST, 2025 WL 2172721, at *4 (N.D. Cal. July 31, 2025) (finding that California's two-year statute of limitations for personal injury action applies to claims of intentional infliction of emotional distress) (citing Cal. Civ. Proc. Code § 335.1); *Nw. Airlines, Inc.*, 296 F.3d at 791 (finding that a claim for malicious prosecution is subject to California's personal injury statute of limitations); *Holt*, 91 F.4th at 1018 (providing that California's statute of limitations for personal injury actions is two years) (citing Cal. Civ. P. Code § 335.1).  Finally, Plaintiff's eleventh claim for false arrest against the County of Sonoma is time-barred by the applicable one-year limitations period.  Cal. Civ. Proc. Code § 340(c).

As noted above, Plaintiff's claims accrued on July 21, 2022, and Plaintiff filed his Amended Complaint on September 10, 2025, long after the applicable statutes of limitations expired.  Accordingly, the Court DISMISSES Plaintiff's fifth, ninth, tenth, and eleventh causes of action against the County of Sonoma WITH PREJUDICE.  *See Platt Elec. Supply*, 522 F.3d at 1060 (affirming district court's dismissal of a time-barred claim without leave to amend because "any amendments would have been futile").

### 5. New State Law Claims against Defendants Pittman, Jenkins, and the County of Sonoma

In his Amended Complaint, Plaintiff alleges three new state law claims against Defendants: (6) illegal expenditure in violation of California Government Code §§ 825, 995, and 996 against the County of Sonoma; (7) misuse of public funds against unspecified Defendants; and (8) qui tam waste of public funds against unspecified Defendants.  (Dkt. No. 14, pp. 15–18.)

The Court finds that Plaintiff bases these claims on a theory different from the theory in false arrest causes of action.  The bases for Plaintiff's sixth, seventh, and eighth causes of actions is that the County of Sonoma provided a defense and indemnification to Defendants Pittman and Jenkins in violation of the law.  (*Id.*)  These claims are similar to but not identical to the Plaintiff's false arrest causes of action.  Res judicata, therefore, does not bar these claims against Defendants

---

[4] Because the Amended Complaint does not specify the Defendants for the seventh, eighth, ninth, tenth and eleventh claims, the Court assumes that all Defendants are named for those claims and therefore, the County of Sonoma is a defendant for those claims.

14

Pittman and Jenkins.

First, Plaintiff's sixth claim for "illegal expenditure in violation of California Government Code §§ 825, 995, and 996" is created by statute, Cal. Code Civ. Proc. § 526(a).  Thus, as a creation of statute, the statute of limitations is three years pursuant to California Code Civil Procedure § 338.  It is not clear from the facts of Plaintiff's Amended Complaint when this particular claim accrued, because the only date cited in the Amended Complaint is July 21, 2022, more than three years before Plaintiff filed his Amended Complaint.   For these reasons, the Court DISMISSES Plaintiff's sixth cause of action WITH LEAVE TO AMEND.

Second, the statute of limitations accrued for Plaintiff's eighth claim—a qui tam action—three years from the date that the appropriate governmental official was made aware of the wrongdoing.  *State of California ex rel. Hindin v. Hewlett-Packard Co*., 153 Cal. App. 4th 307, 314–315 (2007).  There is no allegation in the Amended Complaint about when Plaintiff made the appropriate governmental official aware of the alleged wrongdoing, and as stated above, the only date cited in the Amended Complaint is July 21, 2022, more than three years before Plaintiff filed his Amended Complaint.  The Court therefore DISMISSES Plaintiff's eighth cause of action WITH LEAVE TO AMEND.

Lastly, although Plaintiff does not cite case law or a statute for his seventh cause of action for "misuse of public funds," a three-year limitations period may apply, and Plaintiff's seventh cause of action may be the same as his sixth and eighth causes of action and therefore, not constitute a free-standing claim.  The Court thus DISMISSES Plaintiff's seventh cause of action WITH LEAVE TO AMEND to identify the source of the right that is separate and distinct from Plaintiff's sixth and eighth causes of action.

**D.    Defendants' Motion for Sanctions**

Federal Rule of Civil Procedure 11 provides that, by presenting a pleading, written motion, or other papers to the court, an attorney or unrepresented party certifies that to their best knowledge, information and belief formed after reasonable inquiry under the circumstances, the paper:

(1) is not being presented for any improper purpose;

15

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Rule 11(c) permits a court to sanction a party and/or its attorney, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated."  Fed. R. Civ. P. 11(c)(1).  "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).

As part of achieving the goal of deterrence, Rule 11 requires the moving party to serve the proposed motion for sanctions on the opposing party at least 21 days before filing the motion with the court.  Fed. R. Civ. P. 11(c)(2).  Within this "safe harbor" period, if a party withdraws or corrects the "offending paper," the motion for sanctions cannot be filed with the court.  *Id.*  Notably, however, a party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions.  *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001).

### 1.  Rule 11(c)(2) Procedural Requirements

Here, in filing its second motion for sanctions, Defendants complied with Rule 11(c)(2)'s procedural requirements.  First, Defendants filed a separate motion describing the specific conduct that allegedly violates Rule 11(b).  (Dkt. No. 28.)  Second, Defendants provided a safe-harbor period to Plaintiff set by the Court.  Fed. R. Civ. P. 11(c)(2).  Plaintiff argues that Defendants did not comply with the 21-day safe-harbor provision set forth in Rule 11(c)(2).  (Dkt. No. 33-1, p. 6.)  However, Rule 11(c)(2) provides that the court can set an alternative safe-harbor period.  *See* Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or *within another time the court sets*." (emphasis added).

16

On October 27, 2025, the Court ordered Defendants to file its amended motion to dismiss and motion for sanctions by November 10, 2025—14 days after the Court held a hearing for Defendants' first motion to dismiss and motion for sanctions. (Dkt. Nos. 26–27.) Defendants notified Plaintiff that they intended to file a renewed motion for sanctions on October 27, 2025. (Dkt. No. 28, Ex. 2.) Defendants filed their renewed motions on November 10, 2025. (Dkt. Nos. 28–29.)

Moreover, Plaintiff has been on notice that Defendants intended to move for sanctions since Defendants filed its first motion for sanctions on September 10, 2025. (Dkt. No. 12.) Defendants' second motion to dismiss included many of the same arguments contained in its first motion to dismiss. Plaintiff had more than 60 days to withdraw his claims that are time-barred and/or barred by the doctrine of res judicata, but Plaintiff persisted in bringing these claims. Because Defendants filed a separate motion for sanctions and complied with the safe-harbor period the Court set, the Court concludes that Defendant complied with Rule 11(c)(2)'s procedural requirements.

Finally, Plaintiff, in a filing not sanctioned by the Court, stated that he "does not intend to file any further amended complaint." (Dkt. No. 49-3.) Thus, Plaintiff's argument that Defendants failed to provide him notice does not hold water because Plaintiff has no intention to remediate the Amended Complaint's deficiencies.

### 2. Merits

Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually "baseless" from an objective perspective, and (2) if the attorney has conducted "a reasonable and competent inquiry" before signing and filing it. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal citation omitted). The objective standard is one of "reasonableness" and measures the attorney's conduct against that of a "competent attorney admitted to practice before the district court." *Love v. CHSP TRS San Francisco LLC*, No. 20-CV-07259-DMR, 2022 WL 597034, at *5 (N.D. Cal. Feb. 28, 2022) (citing *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003)).

17

Here, Defendants argue that Plaintiff violated Federal Rules of Civil Procedure 11(b)(1), 11(b)(2), and 11(b)(3) by presenting complaints for improper purposes.[5] (Dkt. No. 28, pp. 1–2.) Defendants assert that Plaintiff's commencement of this lawsuit was "questionable" because this Court previously dismissed a related case for failure to prosecute[6] and "adverse adjudication" was "being finalized in the Superior Court of California." (*Id.* at p. 5.)

The Court finds that the filing of this lawsuit, based on the same underlying facts in the state court action and Plaintiff's first federal action, was legally baseless. Plaintiff is attempting to re-litigate issues already decided or barred by the statute of limitations, and this attempt to do so is egregious. For example, the state court dismissed Plaintiff's claims for false imprisonment and false arrest on the statute of limitations. (Dkt. No. 30, Exs. 4, 6.) Nonetheless, Plaintiff brings those same claims here against the same defendants and provides no response or explanation for his repetition of these claims. Not only did Plaintiff bring specious claims, but he also failed to defend them in a timely manner by failing to oppose Defendants' motion to dismiss by the deadline imposed by the Court's order. Plaintiff also submitted pleadings after the motion hearing in response to the Court's questions, in defiance of the Court's order prohibiting written answers.

Second, the Court concludes that Plaintiff's counsel failed to conduct a reasonable and competent inquiry before filing the Amended Complaint. *See Christian*, 286 F.3d at 1127. Specifically, Plaintiff's counsel failed to conduct a competent inquiry into the facts necessary to support Plaintiff's Section 1983 claims – specifically the statute of limitations. Plaintiff counsel's filing of Section 1983 claims more than one year after the statute of limitations period expired shows that he did not conduct a competent inquiry into the appropriateness of filing suit in federal

United States District Court
Northern District of California

---

[5] The nomenclature is confusing. Defendants argue the first pleading filed by Plaintiff is entitled "Amended" but is merely a copy of the Amended Complaint in its first federal lawsuit (*Andrews v. Pittman et al.*, No. 25-cv-03390-SK), which the Court dismissed on July 30, 2025 for failure to prosecute. (Dkt. No. 28, p. 1.) Defendants further assert that the "second" Amended Complaint (the operative complaint in this action) was filed after Defendants brought a motion to dismiss and motion for sanctions. (*Id.* at pp. 1–2.)

[6] As discussed in more detail above, on July 30, 2025, the Court dismissed *Andrews v. Pittman et al.*, Case No. 25-cv-03390-SK for failure to prosecute without prejudice. (Case No. 25-cv-03390, Dkt. No. 32.) The Court related the two cases on September 16, 2025. (Case No. 25-cv-03390, Dkt. No. 34.)

court. *Cf. Magic Leap, Inc. v. Bradski*, No. 16-CV-02852 NC, 2017 WL 7243566, at *1 (N.D. Cal. Feb. 10, 2017) (denying sanctions because the attorney conducted a competent inquiry before filing the complaint, noting that no statute of limitations or jurisdictional issues existed, which "might raise red flags" about an attorney's competent inquiry). Furthermore, Plaintiff's counsel did not withdraw or amend the Amended Complaint (the "offending paper") during the safe-harbor period, even after Defendants notified him in both the first and second motions to dismiss of the problems with Plaintiff's claims.

For these reasons, the Court GRANTS Defendants' motion for sanctions.[7] Because Rule 11(c) sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c)(4), the Court will impose monetary sanctions on Plaintiff's counsel after receiving briefing on attorney's fees and expenses.

**E. Plaintiff's Cross-Motion for Sanctions.**

Plaintiff also moved for sanctions. Plaintiff's counsel was not required to and indeed did not adhere to Rule 11(c)(2)'s procedural requirements when Plaintiff cross-moved for sanctions. (Dkt. No. 33-1); *see Patelco*, 262 F.3d at 913. To be sure, "service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who *prevails* on a motion under Rule 11–whether the movant or the target of the motion-reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion." *Patelco*, 262 F.3d at 913 (citing Fed. R. Civ. P. 11, advisory committee's note to 1993 amend.) (emphasis added).

Plaintiff alleges that Defendants' motion to dismiss was filed for an improper purpose because Defendants "recycled arguments," "attempted to relitigate state-court issues," and "included irrelevant characterizations of Plaintiff's conduct" in its motion. (Dkt. No. 33-1, p. 6.) The Court concludes that Plaintiff fails to offer sufficient evidence demonstrating that Defendants filed their motion for an improper purpose. *See e.g., Certain Underwriters at Lloyd's London v. Rauw*, No. C 05-2377 SBA, 2007 WL 2729117, at *8 (N.D. Cal. Sept. 18, 2007) (denying a cross-

---

[7] Because the Court grants Defendants' motion for sanctions on Rule 11 grounds, the Court declines to address Defendants' alternative arguments for sanctions.

United States District Court
Northern District of California

motion for Rule 11 sanctions in part because the target of the cross-motion had not repeatedly filed motions, nor was there any proof they intentionally "dragged on" the litigation). Rather, the Court's granting Defendants' motion to dismiss on grounds Defendants asserted in their motion demonstrates that Defendants' legal contentions were warranted by existing law. *See* Fed. R. Civ. P. 11(b)(2). The Court, therefore, DENIES Plaintiff's cross-motion for sanctions.

**CONCLUSION**

For the reasons above, the Court GRANTS Defendants' motion to dismiss. The Court DISMISSES Plaintiff's first, second, third, fourth, fifth, ninth, tenth, and eleventh claims against all Defendants WITH PREJUDICE. The Court also DISMISSES Plaintiff's sixth, seventh, and eighth claims but GRANTS Plaintiff leave to amend only those claims. No other amendment is allowed. Plaintiff shall file his Second Amended Complaint by February 11, 2026.

In addition, the Court GRANTS Defendants' motion for sanctions and DENIES Plaintiff's cross-motion for sanctions. The Court will impose sanctions on Plaintiff's counsel in the form of attorneys' fees incurred by Defendants to bring the two motions to dismiss. Defendants shall file their opening brief regarding attorney's fees and expenses by February 11, 2026. Plaintiff shall file its response by February 25, 2026. Defendants shall file their reply by March 4, 2026. There will be no hearing unless the Court finds one necessary.

**IT IS SO ORDERED**.

Dated: January 21, 2026



_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

20